GABRIEL B. ROBERTS, plaintiff in error, *vs.* THE ADMINISTRATORS OF WASHINGTON B. OLIVER, deceased, defendants in error.

Where a rule *nisi* to foreclose a mortgage, alleged that the mortgage was executed by a partnership to a parcel of land, and that the proceedings were against one as surviving partner, the other being dead, and the surviving partner filed a plea, setting forth that the land included in the mortgage was not partnership property, though owned by the partners as tenants in common, and the plea was demurred to and the demurrer sustained:

*Held,* That as there was no denial that the mortgage to the property was made by the partners, as such, and as, if this were so, it would estop the parties from denying title in the partnership, the plea was properly overruled.

Foreclosure of mortgage. Partnership. Survivor. Before Judge COLE. Bibb Superior Court. October Adjourned Term, 1871.

The petition of the administrators of Washington B. Oliver for a rule *nisi* against Gabriel B. Roberts, as surviving partner, requiring him to show cause why a certain mortgage should not be foreclosed, set forth the following facts : On May 15th, 1856, Richard S. Freeman and Gabriel B. Roberts, partners, using the firm name of Freeman & Roberts, made and delivered to said Oliver four promissory notes, whereby they promised, by each of said notes, one day after the date thereof, to pay to the order of said Oliver $1,000, with interest, and for the better securing the payment of said

notes said Freeman & Roberts executed and delivered to said Oliver their deed of mortgage conveying to him part of city lot of land number six, in square thirty-nine, in the city of Macon, conditioned to be void upon the payment of said notes. The rule *nisi* issued as prayed for and the defendant filed the following answer :

"And now comes G. B. Roberts, the defendant, and says that the movants are not entitled to have their rule absolute for the foreclosure of said mortgage as prayed, for the reason that in contemplation of law he is not the surviving partner of Richard S. Freeman in said mortgaged property, and that the movants have no right to institute this proceeding to foreclose said mortgage upon said property, and against him as the surviving partner of Freeman & Roberts.

"The said Freeman & Roberts were partners in mercantile business, (which business was discontinued some twelve years since,) but in such real estate as they purchased jointly they were tenants in common and not partners.

"W. H. Starke, of said county, has been appointed administrator upon the estate of said Freeman ; that he can alone represent the interest of the estate of said Freeman in this litigation, that he has not been made a party, and that twelve months have not elapsed since the date of the letters of administration upon said estate to the said Starke. Upon the foregoing grounds the said G. B. Roberts prays that said application and rule to foreclose said mortgage against said property and against said Roberts as surviving partner be dismissed."

The plaintiffs demurred to said answer. The demurrer was sustained by the Court, whereupon plaintiff in error excepted, and assigns said ruling as error.

A. O. Bacon, for plaintiff in error.

Poe, Hall & Poe, for defendants.

Roberts *vs.* Oliver.

McCay, Judge.

This case turns upon the same principle as the case of Allen *vs.* Lathrop, decided at this Term from the same Circuit. If this mortgage was made by the copartnership as such, the partnership and its survivor are estopped from denying that the property mortgaged belonged to the firm. A man cannot contradict the assertion of his own deed. The partnership, having by its deed created a lien on this land as the property of the partnership, is not allowed to come into Court, and in the face of this solemn assertion of title in itself, deny that it had title, and what the partnership could not do. Roberts, who is a party, as survivor, is also incapable of doing this since he succeeds to its rights and is bound by its acts. The only question is, does the deed convey this property or create this lien upon the property as partnership property? The mortgage does not appear in the record. But the petition for foreclosure declares that the firm mortgaged the property. This the plea does not deny. It says it is true that the property did not belong to the firm. But, as we have seen, the survivor is estopped from doing this, if the property was mortgaged *as firm* property. Parties and privies are estopped. He is a party, so far as his own interests are concerned, and as the representative of the firm he is not only a privy, but more. We think, therefore, this plea was properly stricken out. It fails to deny the fact stated in the petition that the property was mortgaged as partnership property. Unless the plea does this it is not allowable; it is in the teeth of the defendant's own acknowledged deed.

Judgment affirmed.